980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco HERNANDEZ-MARQUEZ, Defendant-Appellant.
 No. 92-50123.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Nov. 24, 1992.
 
 Before FEINBERG,* GOODWIN and SCHROEDER, Circuit Judges.
 MEMORANDUM**
 Francisco Hernandez-Marquez (Hernandez) appeals from a judgment of conviction entered in the United States District Court for the Southern District of California, Gordon Thompson, Jr., J., on one count of transporting undocumented aliens.
 
 I.
 
 1
 Hernandez stopped his truck alongside a group of illegal aliens. His co-defendant negotiated with the group to transport its members within the United States. In exchange for transporting the group, Hernandez and his co-defendant were to receive $70.00. Thereafter, the co-defendant apparently told two other aliens that they could come along at no extra charge. Unknown to Hernandez, the Border Patrol had observed this entire transaction. When Border Patrol agents pursued the truck, Hernandez bailed out. Still moving and with the aliens still inside, the truck crashed through a wooden and chain-link barricade, eventually coming to rest astride a drainage ditch. The aliens were thrown out of the truck.
 
 
 2
 Hernandez was charged with both conspiracy to transport several unknown illegal aliens and transportation of one particular illegal alien, Marta Alicia Juarez-Aguilar (Juarez). He pleaded guilty to the latter charge. 8 U.S.C. § 1324(a)(1)(B); 18 U.S.C. § 2. The court imposed a $50 special assessment and sentenced Hernandez to 18 months imprisonment, followed by three years of supervised release. This appeal followed.
 
 II.
 
 3
 Hernandez argues that the district court erred when it found that the offense had been committed for profit and so refused to reduce the applicable offense level by three points. Although no one disputes that Hernandez transported the group for profit, Hernandez argues that he pleaded guilty only to transporting Juarez, that under United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990), only Juarez's transportation was relevant to his sentencing and that Juarez was in fact transported at no charge. The government, relying on our recent decision in United States v. Fine, No. 90-50280, 1992 U.S.App. LEXIS 21174 (9th Cir. Sept. 14, 1992) (en banc), responds that the district court could properly look to the fact that the other aliens were transported for profit, despite the plea agreement.
 
 
 4
 We need not decide whether this case is governed by Castro-Cervantes or Fine because, as we see it, the issue before the sentencing court was a factual one. Although Juarez may in fact have been riding at no extra charge, the district court nonetheless found that Hernandez "was driving the truck for profit." This finding is not clearly erroneous. Whether or not Hernandez was aware that one member of the group of aliens in the truck was not paying for the transportation, his state of mind when he was driving the truck was the same. That is, he was driving the truck not as a good samaritan but for a profit.
 
 
 5
 Next, Hernandez argued in his brief that the district court erroneously departed upward based on his conduct during the high-speed chase. Hernandez claimed that such conduct was already taken into account by the Commission in U.S.S.G. § 3C1.2. This position is no longer tenable after this Court's decision in United States v. Hernandez-Rodriguez, No. 91-50572, 1992 U.S.App. LEXIS 21604 (9th Cir. Sept. 15, 1992), which was issued after Hernandez filed his brief. Hernandez-Rodriquez specifically holds that upward departures in the context of high-speed chases are permissible under U.S.S.G. § 2L1.1, comment. (n. 8) and U.S.S.G. § 3C1.2, comment. (n.2). Id. at * 8-9, * 12.
 
 
 6
 Finally, we must consider Hernandez's claim that the district court departed too far. Under Hernandez's interpretation of the guidelines, the district court departed upward to a sentence of 18 months from a range of zero to six months. We will reverse an authorized departure "only if the [district court's] choice is 'unreasonable' in light of the standards and policies incorporated in the Act and the Guidelines." United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc). Here, the district court treated Hernandez's conduct as analogous to "aggravated assault" under the guidelines. See U.S.S.G. § 2A2.2. Hernandez claims that because he never intended to assault any of his passengers, the district court's reliance on this analogy was misplaced, and the extent of the departure was unreasonable.
 
 
 7
 According to the government, Hernandez attempted to escape the Border Patrol by driving down a dead end, slowing the truck and then quickly accelerating it moments before jumping out. The district court found that Hernandez "accelerated the truck before it hit the barricade and did not try to stop the truck." This finding is not clearly erroneous. The district court believed that Hernandez's activity "constituted an aggravated assault." Application note 1 to U.S.S.G. § 2A2.2 states that " '[a]ggravated assault' means a felonious assault that involved (a) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony." On these facts, the analogy to "aggravated assault" was not inappropriate, and the extent of the departure was not unreasonable.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3